**IN THE SUPERIOR COURT
OF GUAM**

| | | |
|---|---|---|
| THE PEOPLE OF GUAM, | ) | CRIMINAL CASE No. CF0023-15 |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | **DECISION AND ORDER** |
| | ) | |
| YU HUA HAN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STATEMENT OF THE CASE

This matter is before the Honorable Judge Michael J. Bordallo. On May 14, 2015, the Court, after a hearing, took under advisement the Defendant's notice to place her mental state at issue. The People are represented by Assistant Attorney General Matthew Heibel. Defendant is represented by Assistant Public Defender William B. Jones.

On January 12, 2015, an indictment entered charging Defendant as follows: 1) two counts of Aggravated Assault, as a Third Degree Felony; 2) two counts of Assault, as a Misdemeanor; 3) two counts of Child Abuse, as a Misdemeanor; and 4) two counts of Child Abuse, as a Third Degree Felony.

## ISSUES

1) Whether the Court may preliminarily determine Defendant's mental competence at the time of an alleged criminal act.



2) Whether Defendant is competent to have criminal proceedings brought against her.

Having received the arguments of the parties and reviewed the papers presented, the Court now issues the following decision, finding that it is not able to preliminarily rule upon the Defendant's competence at the time that the alleged crime was committed. It further finds Defendant mentally incompetent to be proceeded against and transfers this matter to the Superior Court of Guam's Mental Health Court, as directed by the Court's administrative rules.

**FACTS**

Prior to the competency hearing the parties stipulated that the witness Dr. Kirk Bellis, D.O., is an expert in the fields of Psychiatry and Forensic Psychiatry. On March 4, 2015, Dr. Bellis conducted a psychiatric evaluation of Defendant. The evaluation consisted of a two hour interview, with an interpreter present and a review of the records, including Defendant's medical history. The evaluation required that Dr. Bellis analyze whether the Defendant is mentally fit to stand trial and whether the Defendant had the ability to distinguish right from wrong at the time of the alleged criminal event.

At the conclusion of this process Dr. Bellis diagnosed the Defendant as suffering from paranoid schizophrenia, currently known as schizophrenia spectrum disorder at a DSM five. The Defendant primarily exhibits the symptom of paranoid delusions: hearing voices, believing she has not defecated in several months and that she is influenced by implants placed in her body. Dr. Bellis's diagnosis was similar to previous diagnoses.

Dating back to 2006, Defendant has a history of receiving medical care and medications for her schizophrenia. During the interview Defendant struggled to comprehend the difference between a felony and a misdemeanor or Dr. Bellis' explanation of her indictment. It is Dr. Bellis' opinion that Defendant will not be able to understand the proceedings or contribute to

her defense in any meaningful way. In her history Defendant has experienced successful periods of treatment where her condition is managed and she is able to adequately function in society, demonstrating a proper level of social responsibility.

At the time of the alleged criminal incident, Defendant was suffering from an irrational delusion which significantly interfered with her ability to distinguish right from wrong. She believed that she owed the government money and that she needed to commit a criminal offense so that she would be fined and thus allowed to pay her debt. Defendant, at the time of the offense, was not taking her prescribed psychiatric medications.

## PRINCIPLES OF LAW

### i. Standard of Review

Section 7.22 of the Guam Code provides, "[m]ental illness, disease or defect, precluding responsibility, is an affirmative defense which the defendant must prove by a preponderance of the evidence." 9 GCA § 7.22 (2013).

### ii. Issue One, Criminal Cupability.

In Guam to be found responsible for the commission of a criminal offense, a person must be operating under a specific statutorily defined mental state. 9 GCA § 7.25 (2013). Section 7.25 of Title 9 of the Guam Code provides, "A person is not criminally responsible for conduct if at the time of such conduct, as a result of mental illness, disease or defect, he lacked substantial capacity to know or understand what he was doing, or to know or understand that his conduct was wrongful, or to control his actions." *Id.* While performing a psychiatric evaluation a psychiatrist may opine,

> as to whether or not the defendant was suffering from any mental illness, disease or defect at the time of the conduct alleged to have constituted the offense charged against the defendant and whether, as a result thereof, he lacked substantial capacity to know or understand what he was doing; or to know or understand that

his conduct was wrongful or to control his actions; or the extent to which, as a consequence of mental illness, disease or defect, the defendant did or did not have a state of mind or the capacity to have a state of mind relevant to any issue in the trial of the action.

9 GCA § 7.25(g)(7). Whether a defendant is criminally culpable is a question which is to be decided by a jury. *People v. Florida*, No. CR96-00060A 1997 WL 209044 at *3-4 (D. Guam 1997); *People of Territory of Guam v. Quichocho*, No. 90-00083A 1991 WL 336913 at *2 (D. Guam App. Div. 1991).

**iii. Issue Two, Ability to be Criminally Proceeded Against.**

The issue of whether a defendant is mentally competent to be proceeded against is to be decided by the court without a jury. 9 GCA § 7.43(b)-(f)(2013); *People v. Hemsing*, 2012 WL 6743606, 2012 Guam 19 ¶¶ 10-12 (while the opportunity to be heard regarding the issue of competency is mandatory, a hearing regarding a person's competency to stand trial is not required). A person cannot have a criminal proceeding brought against him if he is: "unable (1) to understand the nature of the proceedings, (2) to assist and cooperate with his counsel, (3) to follow the evidence, or (4) to participate in his defense." 9 GCA § 7.37 (2013). Once a Defendant is found incompetent to be proceeded against, Section 7.43 of the Guam Code provides,

> If the court finds that the defendant is incompetent to be proceeded against or sentenced but that there is a substantial likelihood that he will regain his competency in the foreseeable future, the court shall order him committed to the Administrator of the Guam Memorial Hospital for custody, care and treatment and shall require the Administrator to furnish the court with reports on the defendant's progress at least once every six months.

9 GCA § 7.43 (2013). After a competence adjudication regarding a defendant's ability to be proceeded against has been made, the court shall transfer the matter to the Mental Health Specialty Court for the Superior Court of Guam. Supreme Court of Guam Administrative Rule

05-002 as adopted and amended by Administrative Rule 10-001 (2010).

## ANALYSIS

As to the first issue identified above, after a review of the identified principles of law, the Court finds that the issue of a defendant's mental competence at the time of the commission of the crime is primarily a jury question. *People v. Florida*, No. CR96-00060A 1997 WL 209044 at *3-4 (D. Guam 1997); *People of Territory of Guam v. Quichocho*, No. 90-00083A 1991 WL 336913 at *2 (D. Guam App. Div. 1991). This was specifically explained by the Guam Appellate Division in 1991 and a general review of the subsequent decisions by the Guam high court reveals a similar analysis. *Id.* A review of the pertinent article of the Guam Code supports a similar conclusion. 9 GCA §§ 7.16-7.37 (2013). Section 7.31 of Title 9 was interpreted by the Guam Appellate Division to require the inclusion of a mental-defense option, in each applicable verdict form. *People v. Florida*, No. CR96-00060A 1997 WL 209044 at *3-4 (D. Guam 1997). While the issue of a person's competence to stand trial is statutorily mandated to occur without a jury, the Guam Code does not similarly require a court to decide upon a person's competence at the time the alleged criminal incident occurred. 9 GCA §§ 7.25 and 7.37 (2013).

As to the second issue the Court is persuaded that, as opined by the credible testimony of Dr. Bellis, Defendant is not fit to be proceeded against. 9 GCA § 7.22 (2013). As outlined by Section 7.37, Defendant, in light of her schizophrenic delusions outlined and found above, is currently unable to adequately: (1) to understand the nature of the proceedings, (2) to assist and cooperate with his counsel, (3) to follow the evidence, or (4) to participate in his defense. 9 GCA § 7.37 (2013). However, in light of Defendant's periods of minimal supervision and

successful treatment, the Court finds that it may be likely she will become competent. 9 GCA § 7.43 (2013).

## CONCLUSION OF ISSUES

Based on the foregoing, the Court finds it may not preliminarily decide whether Defendant was competent at the time of the criminal incident. It further finds Defendant is currently not able to be proceeded against in this matter.

## ORDER

Pursuant to the mandates of the Guam Code, Defendant shall be committed to the Administrator of the Guam Memorial Hospital, or the current relevant administrative body, for custody, care and treatment. The relevant administrator shall furnish the Court with reports on the Defendant's progress at least once every six months. Further pursuant to the relevant administrative rule this matter shall be transferred Superior Court of Guam's Mental Health Court for further proceedings.

SO ORDERED, this __21__ day of __May__ 2015.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

acknowledge that a copy of the original hereto was placed in the court box of

AG/PDSC/DMR
5/21/15   Time: 425 pm
JSCA

Deputy Clerk, Superior Court of Gua